IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joshua M. Johnson, | ) | Civil Action No.:2:14-cv-2334-JMC-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Lavern Cohen, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254.
This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt.
No. 18; see also Dkt. No. 19.)

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and
Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant
petition for relief and submit findings and recommendations to the District Court.

    The Petitioner brought this habeas action on or about June 9, 2014. (See Dkt. No.
1 at 15 of 15.) On October 2, 2014, Respondent filed a Motion for Summary Judgment. (Dkt.
No. 18; see also Dkt. No. 19.) By order filed October 2, 2014, pursuant to Roseboro v.
Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment
procedure and the possible consequences if he failed to adequately respond to the motion.
(Dkt. No. 20.) Petitioner filed a Response in Opposition to the Motion for Summary
Judgment on or about October 20, 2014. (Dkt. No. 22.)

## PROCEDURAL HISTORY

    The Petitioner is currently confined at Ridgeland Correctional Institution of the South
Carolina Department of Corrections ("SCDC"). In June of 2010, the Pickens County Grand
Jury indicted Petitioner for second-degree criminal sexual conduct with a minor. (See Dkt.
No. 19-1 at 4-5 of 124.) Petitioner was represented by Steve Alexander, Esquire. (See Dkt.

No. 19-2 at 105 of 122.) On June 30, 2011, Petitioner pled guilty before the Honorable Letitia H. Verdin. (See Dkt. No. 19-2 at 105-122 of 122.) That same day, Judge Verdin sentenced Petitioner to ten years, suspended on the service of seven years, with five years of probation to follow. (Dkt. No. 19-2 at 122 of 122.)

Petitioner did not file a direct appeal. However, on January 31, 2012, he filed an application for post-conviction relief ("PCR"). (Dkt. No. 19-1 at 12-18 of 124.) The following questions and answers appeared in his PCR application:

10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

(a) INEFFECTIVE ASSISTANCE OF COUNSEL

(b) INVOLUNTARY NATURE OF PLEA

11. State concisely and in the same order the facts which support each of the grounds set out in (10):

(a) Trial counsel failed to properly investigate the facts of the case and develop all potential defenses; failed to properly advise the Applicant of the potential defenses and his applicable rights; failed to fully investigate and present facts as to the Applicant's background including medical, mental, behavioral and emotional status; failed to properly advise the court of facts relating to the foregoing; failed to raise or investigate the issue of competency, or the implications of the foregoing on the Applicant's ability to fully understand his rights or defenses; failed to present all information and facts relevant to mitigation of sentence.

(b) Based on the Applicant's lack of ability to fully understand his rights or defenses, his plea cannot be considered freely, knowingly, and intelligently entered.

(Dkt. No. 19-1 at 13-14 of 124.)

On December 17, 2012, an evidentiary hearing was held before Judge Edward W. Miller. (Dkt. No. 19-1 at 25-88 of 124.) Petitioner was present and represented by J. Falkner Wilkes, Esquire. (See Dkt. No. 19-1 at 25 of 124.) In a written order dated January 30, 2013, Judge Miller ordered SCDC to change Petitioner's sentence to ten years imprisonment,

2

suspended to seven years and five years probation. (See Dkt. No. 19-1 at 4-11 of 124.)[1]

Judge Miller denied the application for post-conviction relief and dismissed the petition. (Dkt.

No. 19-1 at 4-11 of 124.)

Petitioner, through his attorney J. Falkner Wilkes, Esquire, filed a Petition for Writ of

Certiorari on August 1, 2013. (Dkt. No. 19-3.) Therein, Petitioner raised the following issues:

> I. Did the court err in accepting the Defendant's guilty plea as free and
> voluntary without adequate inquiry and findings as to the Defendant's mental
> illness and retardation?
>
> II. Was trial counsel ineffective for failure to investigate, raise, object and
> preserve the issue of competence, mental illness, and mental retardation, as
> to guilt, capacity, ability to understand and enter a plea, and/or in mitigation?
> (*Blair hearing*)

(Dkt. No. 19-3 at 6 of 18.) Petitioner, though his attorney, also filed a motion to seal the

records in the case. (See Dkt. No. 19-4.) In an order dated December 19, 2013, the

Supreme Court of South Carolina granted the motion to seal and denied the petition for a

writ of certiorari. (Dkt. No. 19-6.) The matter was remitted to the lower court on January 7,

2014. (Dkt. No. 19-7.)

Petitioner then filed the instant habeas petition, wherein he raised the following

grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel.
> **Supporting Facts**: Plea counsel allowed a plea without investigating mental
> illness and mental retardation of defendant. Plea counsel failed to inform plea
> judge of mental illness/mental retardation of defendant. Plea counsel failed to
> have defendant examined for competency to enter plea or understand legal
> counsel.

(Dkt. No. 1 at 5 of 15.)

---

[1] Judge Miller noted the discrepancy between the "sentence reflected in the plea transcript (ten years imprisonment suspended to seven years and five years probation) and the sentence noted on the sentencing sheet (twelve years imprisonment suspended to seven years and five years probation)," and found the "plea judge's oral pronouncement at the plea hearing–and as reflected in the plea transcript–is controlling." (Dkt. No. 19-1 at 10 of 124.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

4

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 18; see also Dkt. No. 19.) For the reasons set forth herein, the undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 18). Petitioner alleges his plea counsel was ineffective for the following reasons: (a) plea counsel "allowed a plea without investigating mental illness and mental retardation" of Petitioner; (b) "[p]lea counsel failed to inform plea judge of mental illness/mental retardation of defendant"; and (c) "[p]lea counsel failed to have defendant examined for competency to enter plea or understand legal counsel." (Dkt. No. 1 at 5 of 15.) In the Motion for Summary Judgment, Respondent asserts that, to the extent Petitioner asserts counsel was ineffective "in failing to investigate his mental health background to present *a defense as to guilt*, this issue was not addressed by the PCR Court in its Order of Dismissal." (Dkt. No. 19 at 12.) Respondent also asserts that Petitioner's allegation that counsel should have investigated, discovered, and presented Petitioner's "mental retardation and psychiatric disorders" on "competency, guilt, and as mitigation" is "without merit." (Dkt. No. 19 at 26.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance

5

under this standard must be "highly deferential," so as to not "second-guess" the performance.    Id. at 689.    "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The PCR court addressed Petitioner's claim that counsel was ineffective and that his plea was involuntary. (See Dkt. No. 19-1 at 4-11 of 124.) The court noted the testimony of Penny Crenshaw, Petitioner's mother, who testified that Petitioner "was always 'very

6

childlike' and w[ent] to treatment at [the Department of Mental Health] for several years." (Id.

at 6 of 24.) The PCR judge further noted the following testimony:

> Mrs. [Penny] Crenshaw stated the Applicant only finished the eleventh grade, could not maintain employment, and lived with her at the time of the offense. Mrs. Crenshaw stated she told plea counsel that the Applicant had Asperger's syndrome, collected SSI disability, and had been treated by DMH.
> Johnny Crenshaw, the Applicant's stepfather, stated the Applicant went to DMH and had behavior issues. Mr. Crenshaw admitted, however, that he did not tell plea counsel about the Applicant's visits to DMH and did not send any of the Applicant's medical records to plea counsel.
> Katie Crenshaw, the Applicant's half-sister, stated the Applicant has always had vivid night terrors.
> William Washburn, the Applicant's stepfather, stated the Applicant lived in his home in Virginia for two years. Mr. Washburn stated the Applicant struggled in school and was naive in dealing with others.
> Plea counsel testified he filed discovery motions after he was appointed in July 2009 and that he received those materials and reviewed them with the Applicant. Plea counsel testified they also discussed the Applicant's version of events, the Applicant's statement to police, the elements of the offense, and the differences between a guilty plea and trial. Plea counsel testified the Applicant was very upfront about the charges and acknowledged what he did was wrong. Plea counsel testified the Applicant wanted a favorable plea deal, so he pursued that option with the State for approximately two years. Plea counsel testified the State made a plea offer for a fifteen year sentence suspended on the service of seven years. Plea counsel testified he discussed this with the Applicant, who wanted to plead without a recommendation in order to try and get a better sentence. Plea counsel testified the Applicant never mentioned he had any prior psychiatric treatment or mental retardation issues. Plea counsel testified the Applicant's mother was present at most of the meetings and never told him anything about the Applicant collecting SSI disability or that he had prior treatment at DMH or mental retardation issues. Plea counsel testified that, four months before the guilty plea, the Applicant's mother first mentioned the Applicant had been diagnosed with Asperger's syndrome. Plea counsel testified he was never given any medical records from either the Applicant or his mother. Plea counsel testified he never saw any red flags with regard to the Applicant's competency and that the Applicant participated in their discussions and never indicated he did not understand.

(Dkt. No. 19-1 at 6-8 of 124.)

In rejecting Petitioner's claim of ineffective assistance of counsel and involuntary

guilty plea, the PCR court found that Petitioner "failed to meet his burden of proving plea

counsel should have investigated his prior mental health history in order to present this information as mitigating evidence." (Dkt. No. 19-1 at 8 of 124.) In addition, the PCR court found "plea counsel's testimony is credible" and stated,

> "In a PCR action, the petitioner bears the burden of proof and is required to show by a preponderance of the evidence he was incompetent at the time of his plea." Jeter v. State, 308 S.C. 230, 232, 417 S.E.2d 594, 596 (1992). To sustain a claim that plea counsel was ineffective for failing to request a competency hearing, the petitioner must show reasonable probability that he would have been found incompetent. Id. at 233, 417 S.E.2d at 596. This Court finds the Applicant has failed to meet his burden of proof under Jeter. The Applicant failed to make plea counsel aware at the time of the plea hearing that he had any prior mental conditions or had undergone previous psychiatric treatment. Plea counsel testified, in fact, there were no red flags regarding competency and that the Applicant assisted in the defense of his case. Plea counsel is not required to be clairvoyant.
>
> Further, the Applicant has failed to present any credible evidence or testimony to establish he suffered any prejudice. The Applicant did not present any expert testimony that he in fact had mental or psychiatric issues that would have impacted his competency or have been useful as mitigation evidence. See Dempsey v. State, 363 S.C. 365, 370, 610 S.E.2d 812, 815 (2005) (finding that, as the applicant failed to have an expert testify at the evidentiary hearing, "any finding of prejudice is merely speculative"). Based on the record before this Court, however, the Applicant had an employment history, had completed the eleventh grade, and had a driver's license. This Court finds it is speculative to engage in a discussion about whether a more comprehensive investigation into the Applicant's mental health history would have had an impact during the mitigation portion of the plea hearing. See, e.g., Jackson v. State, 329 S.C. 345, 495 S.E.2d 768 (1998) (finding the failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result); see also Geter v. State, 305 S.C. 365, 367, 409 S.E.2d 344, 346 (1991) (concluding a reasonable probability of a different result does not exist when there is overwhelming evidence of guilt).
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test–that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland–that he was prejudiced by plea counsel's performance.

(Dkt. No. 19-1 at 8-9 of 124.)

The undersigned recommends granting Respondent's Motion for Summary Judgment. Petitioner has not shown the state court's rejection of his claim of involuntary guilty plea and ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law, nor has Petitioner shown the state court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts. The state court specifically found plea counsel's testimony to be credible. Such a factual finding on credibility is "presumed to be correct"; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). While Petitioner's mother testified that she told plea counsel that Petitioner had Asperger's syndrome, collected SSI disability, and had been treated by DMH, plea counsel testified that although Petitioner's mother told him Petitioner had been diagnosed with Asperger's syndrome, she never told him anything about Petitioner collecting SSI disability or that Petitioner had prior treatment at DMH or mental retardation issues. (Dkt. No. 19-1 at 37-50, 52-55, 57-63 of 124.)

Petitioner may disagree with the state court's credibility determination, but he has not rebutted the presumption of correctness by clear and convincing evidence. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000) ("Fisher has not shown that the state court findings are unreasonable, unsupported, or otherwise erroneous. Indeed, they are supported by competent evidence."); Haynes v. Warden of McCormick Corr. Inst., No. 2:09-1377-JFA-RSC, 2010 WL 503098, at *5 (D.S.C. Feb. 8, 2010) (finding a claim of ineffective assistance to be without merit where the "PCR judge's findings are well supported by the record and petitioner fails to show by clear and convincing evidence that the PCR court made an

9

unreasonable determination of the facts . . . "); cf. Wilson, 352 F.3d at 860 ("These facts do not compel the credibility determination reached by the state court, but they certainly provide sufficient basis, for purposes of section 2254(d)(2), to support such a determination."). In addition, plea counsel testified that Petitioner's mother told him about the Asperger's diagnosis about four months prior to the plea. (See Dkt. No. 19-1 at 37-38 of 124.) Counsel used this information during the plea hearing; counsel stated,

> [Petitioner] does have–has been diagnosed when he was younger with a mild version of autism, Your Honor, uh Aspergers syndrome, I think is how it is pronounced. And it does–certainly doesn't rise to the level of any type of mental defense that he didn't know what he was doing or anything like that. We believe it does have some impact on his decision-making ability and things of that nature.

(Dkt. No. 19-2 at 121 of 122.) During the PCR hearing, counsel testified that he asked for medical records and medical documentation, but it was never provided, and he "never received any names of doctors or anything like that to request anything from." (Dkt. No. 19-1 at 37 of 124; see also id. at 39-40 of 124.) Plea counsel further testified that he "saw no red flag . . . that raised any concerns as to competency" in his mind and "never had any problems communicating with [Petitioner] about anything." (Dkt. No. 19-1 at 42, 44 of 124.) Given this record, and the PCR court's factual findings, Petitioner is not entitled to federal habeas relief.[2]

_____

[2]To the extent Petitioner contends counsel was ineffective "in failing to investigate his mental health background to present a defense as to guilt," Respondent is correct that this issue is procedurally barred because it was not addressed by the PCR court. Petitioner argues the procedural default should be excused due to ineffective assistance of PCR counsel. (See Dkt. No. 22 at 2-6 of 10.) Pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)); see also Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. Martinez, 132 S. Ct. 1319. Given the PCR court's factual findings, Petitioner cannot demonstrate that the underlying ineffective assistance of trial counsel claim is a substantial one, and he cannot overcome the default.

In addition to finding that plea counsel had no notice that Petitioner "had any prior mental conditions [other than Asperger's syndrome] or had undergone previous psychiatric treatment," the state court also found Petitioner "failed to present any credible evidence or testimony to establish prejudice" because Petitioner "did not present any expert testimony that he in fact had mental or psychiatric issues that would have impacted his competency or have been useful as mitigation evidence." (Dkt. No. 19-1 at 8-9 of 124.) Such failure precludes federal habeas relief. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify.").[3]

---

[3]Petitioner asserts in his Response in Opposition that the state court lacked subject matter jurisdiction due to a defect in the indictment. (See Dkt. No. 22 at 8 of 10.) However, any allegation that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); see also Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (holding jurisdiction is a matter of state law); Von Longmore v. South Carolina, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue.").

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 18) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[4]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 26, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).