**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Joshua M. Johnson, | ) | |
| | ) | Civil Action No. 2:14-cv-02334-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lavern Cohen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 25), filed on February 26, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 18) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (the "Objection"). (ECF No. 27.). For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 18) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 25 at 1–3.) The court concludes upon its own careful

1

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III. LEGAL STANDARD

A.  *The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Id*.  The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

B.  *Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court.  § 2254(b).  Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law where it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must

rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. §

2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1))

("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's

error must be stark and clear.").

## IV. ANALYSIS

### A. *Report and Recommendation*

The Report addresses Petitioner's allegations that his plea counsel was ineffective

because he:

> (a) "allowed a plea without investigating mental illness and mental retardation" of
>     Petitioner;
> (b) "failed to inform plea judge of mental illness/mental retardation of defendant"; and
> (c) "failed to have defendant examined for competency to enter plea or understand legal
>     counsel."

(ECF No. 25 at 5.) In considering these allegations, the Magistrate Judge appropriately

evaluated the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to

Petitioner's claim of ineffective assistance of trial counsel in support of his habeas petition.

(ECF No. 25 at 9–11.) Under *Strickland*, Petitioner needed to have shown not only that

counsel's performance was deficient under an objective reasonableness standard, but also that

this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 668, 687, 694. The Magistrate

Judge reviewed the state court's conclusion that Petitioner's claim of ineffective assistance of

counsel failed under *Strickland*—specifically, that Petitioner failed to prove that his trial counsel

should have investigated his prior mental health history in order to present this information as

mitigating evidence. (ECF No. 25 at 7–8.)

In doing so, the Magistrate Judge explained that the state court had found credible the

trial counsel's testimony that neither Petitioner nor Petitioner's family ever told him of any prior

psychiatric or mental treatment, mental retardation issues, or disability collection. *Id.* at 9. The Report also included a discussion of the fact that the state court found credible the trial counsel's further testimony that neither Petitioner nor his family provided records documenting Petitioner's mental history after the counsel requested them and that the counsel otherwise had not noticed any "red flags" related to Petitioner's competency. *Id.* at 9–10.

The Magistrate Judge concluded that in light of the state court's credibility determinations, the state court's application of *Strickland*—clearly established federal law—was not objectively unreasonable under § 2254(d) such that Petitioner's habeas petition should be granted. *Id.* Nor did Petitioner show that the state's court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d). *Id.* Moreover, Petitioner failed to rebut the "presumption of correctness" of the state court credibility determinations with "clear and convincing evidence," that which he is required to do in order for a federal habeas court to overturn the state court judgment. *Id.* at 9 (citing *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)).

   *B. Petitioner's Objection*

In the Objection, Petitioner appears to argue that his trial counsel was ineffective under *Strickland*. (ECF No. 27 at 1–2.) He asserts, among other things, that trial counsel never had him evaluated for mental competence and that the "records was [sic] there only if the plea counsel seeked [sic] them." (ECF No. 27 at 2.) Petitioner specifically points to the fact that trial counsel "failed to take any further steps to fully investigate" his condition after trial counsel was informed that Petitioner had been diagnosed with Asperger's Syndrome. (ECF No. 27-1 at 7.) The trial counselor taking such steps, according to Petitioner, would have constituted a "proper investigation" that would have revealed that Johnson suffered from a "multitude of complicating

5

conditions in addition to mental retardation." (ECF No. 27-1 at 8.) In support of his claims, Petitioner attaches supporting documentation previously submitted and reviewed by the South Carolina Supreme Court as part of Petitioner's state court appeal from the Pickens County Common Pleas Court (ECF No. 19-3).

*C. The Court's Review*

After a thorough review of the Report and the record in this case, the court determines that Petitioner's objections fail. While Petitioner may believe that his trial counsel could have done more to investigate further his mental competence, Petitioner fails to show that the state court's application of *Strickland* to the claim of his counsel's deficiency was objectively unreasonable under 28 U.S.C. § 2254(d) such that his habeas petition should be granted. Petitioner furthermore does not show that the state's court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d). *Id.*

As part of his Objection, Petitioner nonetheless analogizes his circumstances to those of the petitioner in *Matthews v. State*, 358 S.C. 456, 459 (2004). In *Matthews*, the South Carolina Supreme Court found that the petitioner's trial counsel was deficient under *Strickland* for not requesting a hearing for the court to examine the petitioner's mental fitness to stand trial. *Id.* at 460. The court held that to show "prejudice within the context of counsel's failure to fully investigate the petitioner's mental capacity, 'the [petitioner] need only show a reasonable probability that he was either insane at the time [the crime was committed] or incompetent at the time of the plea.'" *Id.* at 459 (quoting *Jeter v. State*, 308 S.C. 230, 233 (1992)). Importantly, however, the court in *Matthews*, based their ruling on a psychiatrist's testimony regarding petitioner's mental deficiencies. *Compare Matthews*, 358 S.C. at 460 (holding that through the psychiatrist's testimony, "petitioner clearly established by a preponderance of the evidence that

6

he was incompetent at the time he entered his guilty plea"), *with Jeter v. State*, 308 S.C. 230, 233

(1992) (finding that trial counsel had reasonably relied on his own perceptions in testifying that

the petitioner's behavior during representations did not raise any suspicions and, therefore, that

counsel's failure to request "a psychiatric evaluation was not outside the range of reasonable

professional assistance").   Thus, *Matthews* is sufficiently distinguishable since there was no

similar psychiatric testimony in this case on which Petitioner's trial counsel should have relied to

determine whether to investigate Petitioner's mental competence.

    Aside from his unsuccessful analogy to *Matthews*, Petitioner further fails to offer the

"clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the

presumption of correctness of the state court's findings on collateral review.   Indeed, even with

such evidence, it remains difficult for a federal court to establish that a state court's application

of *Strickland* was unreasonable under § 2254(d); when both *Strickland* and § 2254(d) apply, as in

this case, federal review is "doubly" deferential.   *Harrington v. Richter*, 562 U.S. 86, 105 (2011)

(citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).   Accordingly, this court concludes

that the state court's determination under *Strickland* that trial counsel committed no error was not

"objectively unreasonable," *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004), such that

Petitioner's habeas petition under § 2254 should be granted.   The Magistrate Judge correctly

concluded as much.   (ECF No. 25 at 9–11.)

### V. CONCLUSION

    For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and

Recommendation (ECF No. 25).   It is therefore **ORDERED** that Respondent's Motion for

Summary Judgment (ECF No. 18) is **GRANTED** and Petitioner's Petition for Writ of Habeas

Corpus (ECF No. 1) is **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 2, 2015
Columbia, South Carolina

8